UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY DUGDALE,

      Plaintiff,                                               No. 18-10896

v.                                                           Honorable Nancy G. Edmunds

DITECH FINANCIAL, LLC,

      Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO DISMISS AND MOTION FOR LEAVE TO APPEAL [34]
AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [32]**

This case has been stayed and administratively closed since March 7, 2019 due to Defendant's bankruptcy filing. (Dkt. 26.) Despite the bankruptcy court later confirming Defendant's Chapter 11 plan, Plaintiff sought to reopen this case. (*See* dkt. 28.) On January 7, 2020, the Court denied Plaintiff's motion to reopen. (Dkt. 31.) Plaintiff then filed a motion for reconsideration. (Dkt. 32.) While Plaintiff's motion was still pending, Defendant filed a notice informing the Court that the bankruptcy court had entered an order on January 23, 2020, granting plan administrators' omnibus motion to enforce injunctive provisions of plan as to Plaintiff. (Dkt. 33.) According to the bankruptcy court's order, Plaintiff had fourteen days from the date of that order to dismiss this case. (*See* dkt. 33-1.) Failure to do so may result in Plaintiff being held in contempt of the bankruptcy court for violating the terms of that order and allow the plan administrator to seek sanctions against him. (*See id.*) The matter is now before the Court on Plaintiff's motion to dismiss and motion for leave to appeal. (Dkt. 34.)

In compliance with the bankruptcy court's order, Plaintiff seeks dismissal of this action, and this Court grants his motion in that respect. However, Plaintiff also seeks leave to appeal, asserting that he "feel[s] that [his] argument should be heard by a circuit court, either the Sixth or the Second, if only to explore how *Taggart* applies to situations like this." (*See* dkt. 34, PgID 528.) In *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1804 (2019), the Supreme Court held that a court may only hold a creditor in civil contempt for violating a discharge order "where there is not a 'fair ground of doubt' as to whether the creditor's conduct might be lawful under the discharge order." That case has no impact on the issue of whether a discharge order applies to a particular debt in the first place, and is therefore inapplicable to the situation here. Moreover, the bankruptcy court has already determined that its order applies to Plaintiff's case. (*See* dkt. 33-1.) Any arguments to the contrary should have been made within Defendant's bankruptcy case in the bankruptcy court, not here. Plaintiff's motion for leave to appeal is, therefore, denied.

In sum, Plaintiff's motion is GRANTED to the extent Plaintiff seeks dismissal of this case and DENIED to the extent he seeks leave to appeal. His previously filed motion for reconsideration is DENIED as moot.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 5, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 5, 2020, by electronic and/or ordinary mail.

                                        <u>s/Lisa Bartlett</u>
                                        Case Manager